UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RICHARD B. FOX,                                    Case No. 20-CV-1483 (PJS/DTS)

    Plaintiff,

v.                                                 ORDER

LAKELAND LEASING; LAKELAND
MANAGEMENT SERVICES; DAVID K.
FOX; and JAY C. JOHNSON,

    Defendants.

Richard B. Fox, pro se.

Joseph J. Cassioppi and Jade Bailey Jorgenson, FREDRIKSON & BYRON, PA, for
defendants Lakeland Leasing, Lakeland Management Services, and David K.
Fox.

Jay C. Johnson, pro se.

This matter is before the Court on the objection of plaintiff Richard Fox ("Fox") to

the November 3, 2020 Report and Recommendation ("R&R") of Magistrate Judge David

T. Schultz.  Judge Schultz recommends dismissing this action without prejudice on the

ground that Fox, who is seeking to assert claims on behalf of the estate of his brother

Gerald Fox, has not been appointed the personal representative of his brother's estate

and therefore lacks legal capacity to pursue those claims.  The Court has conducted a de

novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the

Court overrules Fox's objection, adopts the R&R, and dismisses this action without

prejudice.[1]

While Fox alludes to arguments in favor of finding capacity that he "could"

make, *see* ECF No. 33 at 7–8, he does not, in fact, make any such arguments, nor does he

object to Judge Schultz's conclusion that he lacks capacity.  Instead, Fox contends that,

rather than dismissing this action, the Court should stay it to await the ruling of a

California court on his petition to be appointed personal representative, which he

served earlier this week.  ECF No. 38-1 at 6–7.  Fox's petition seems unlikely to be

successful, however, as the California court issued an order last month appointing Bank

of the West as special administrator of the estate and designating the bank as "the only

party with standing to represent the Estate in any judicial proceeding . . . ."  ECF No. 38-

1 at 3–4.  Moreover, this action has already been pending for over five months and it is

unclear why Fox waited until this week to seek to cure his lack of capacity.  Fox argues

that staying the case is preferable because some claims might be barred by applicable

statutes of limitation, but he does not identify any such potentially time-barred claims.

Fox's belated and seemingly quixotic attempt to cure his lack of capacity, and his vague

---

[1]Defendant Jay Johnson is representing himself and did not join in the remaining
defendants' motion to dismiss.  Judge Schultz recommends dismissing this action in its
entirety, however, and Fox does not raise the issue of Johnson's failure to join the
motion to dismiss.  The Court therefore adopts the recommendation and dismisses the
entire action.

allusion to potentially time-barred claims, do not justify a stay in lieu of dismissal. *Cf. Graca v. Rosebank Mar., Inc.*, No. 04-14302, 2005 WL 6458603, at *2–3 (11th Cir. Mar. 8, 2005) (per curiam) (affirming dismissal for lack of capacity where plaintiff did not act diligently in seeking appointment as personal representative and provided no assurance or evidence that the state court would appoint him representative).

Fox also suggests that, even if the Court dismisses this action, it could grant him leave to amend his complaint so that he could attempt to assert certain claims under California law. Fox has not complied with D. Minn. L.R. 15.1 in seeking leave to amend, however, and his request is therefore denied. *See O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009) ("A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules.").

## ORDER

Based on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.  Plaintiff's objection [ECF No. 33] is OVERRULED.

2.  The Report and Recommendation [ECF No. 31] is ADOPTED.

3.  The motion of defendants Lakeland Leasing, Lakeland Management Services, and David K. Fox to dismiss [ECF No. 6] is GRANTED.

4.  This action is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 4, 2020                     s/Patrick J. Schiltz
                                           Patrick J. Schiltz
                                           United States District Judge